```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                                   )
MARCELINO MONTROND, AS TRUSTEE     )
OF THE MASS FAMILY TRUST, U/D/T    )
DATED JULY 23, 2018,               )
                                   )
                    Plaintiff,     )
                                   )
          v.                       )    CIVIL ACTION
                                   )    No. 24-12289-WGY
WILMINGTON SAVINGS FUND SOCIETY,   )
FSP, NOT IN ITS PERSONAL CAPACITY  )
BUT SOLELY AS OWNER TRUSTEE        )
OF RESIDENTIAL MORTGAGE LOAN TRUST )
2020-1,                            )
                                   )
                    Defendant.     )
_____)
```

YOUNG, D.J.                                      September 18, 2024

**FINDINGS OF FACT, RULINGS OF LAW, AND ORDER FOR JUDGMENT**

**I. INTRODUCTION**

On September 5, 2024, defendant Wilmington Savings Fund Society FSP ("Wilmington Savings") removed this action from the Massachusetts Superior Court sitting in and for the County of Plymouth. Notice of Removal, ECF No. 1. On September 12, 2024, the plaintiff Marcelino Montrond ("Montrond"), Trustee of the Mass Family Trust, U/D/T Dated July 23, 2018 ("Montrond's Trust") filed an Emergency Motion for Temporary Restraining Order/Permanent Injunction, ECF No. 5, which is opposed.

On September 17, 2024, the Court held a hearing on the motion. As is its usual practice, the Court consolidated the motion with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). The Court offered to provide the parties additional time to prepare and present their case, but inasmuch as the foreclosure is tomorrow, Thursday, September 19, 2024, the parties wished to proceed as expeditiously as possible, and the Court has accommodated their request. The parties stipulated that no evidentiary hearing was necessary and submitted the matter for bench trial on the submissions filed with the Court. After hearing the arguments of the parties, and careful consideration of the submitted documentary record, for the reasons stated below, judgment shall enter in favor of Wilmington Savings as to all counts.

## II. FINDINGS OF FACT

### A.  Montrond, Montrond's LLC and Montrond's Trust

Montrond is an individual who at all relevant times in this action was and is the managing member of 600 Bedford Street, LLC, a Massachusetts Limited Liability Company ("Montrond's LLC"), and also the Trustee of the Mass Family Trust, U/D/T Dated July 23, 2018 ("Montrond's Trust"), purportedly a Massachusetts nominee realty trust. The Court has no information as to the beneficiaries of the Trust nor has it reviewed any trust documents.

[2]

**B.    The Mortgage and Promissory Note**

**1. The Mortgage**

On October 19, 2023, Montrond executed a Mortgage on the property located at 600 Bedford Street, Whitman, Plymouth County ("the Property"), MIN: 101060700000174365 ("The Mortgage"), ECF No. 10-4 at 34, on behalf of Montrond's LLC as mortgagor.  The Borrower is defined as "600 Bedford Street LLC" Mortgage, Definitions, (B).

The signature block at page 13 of the Mortgages recognizes that the defined term "Borrower" -- Montrond's LLC -- is executing the document.  The recorded version of the document attached to Montrond's Trust's Verified Complaint has the following signature block:

> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> **600 Bedford Street, LLC - Manager**
>
> X __MARCELINO MONTROND__ (Seal)
>                                          -Borrower
>
> Witness                         Witness

Ver. Compl., Ex. D.  Curiously, Wilmington Savings's version -- an apparently non-recorded, original signature version -- is a bit different, omitting 600 Bedford Street LLC from the signature block.  The Court makes no findings as to the

[3]

inconsistency since, either way, the result is the same. The Mortgage is signed by Montrond above the signature line "Marcelino Montrond - Borrower":

> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> X _Marcelino Montrond_ (Seal)
> MARCELINO MONTROND            -Borrower

Mortgage 13. Moreover, the parties agree that the Montrond's LLC executed the mortgage. Indeed, only the owner of the Property could be a mortgagor of the Property. The Court relies upon the recorded version of the signature block which was presented by Montrond's Trust.

### 2. The Promissory Note

The Mortgage references a "Note" which is defined as "the promissory note <u>signed by the Borrower</u> and dated October 23, 2019." (emphasis added). The Promissory Note, bearing the same MIN Number contains the term "Borrower" at various places in the document and in the signature block:

> WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.
>
> X *[signature]* (Seal)
> MARCELINO MONTROND          -Borrower

Promissory Note 13, ECF No. 10-4. Read together, the Borrower is Marcelino <u>at least</u> on behalf of Montrond's LLC. See <u>Bielanski</u> v. <u>Westfield Sav. Bank</u>, 48 N.E.2d 627, 629 (Mass. 1943) (note and mortgage must be read together to determine intent). Wilmington Savings is the holder of the Promissory Note.

    **C.**    **Conveyance, Recording of the Mortgage, and Foreclosure of the Property**

On December 14, 2020, Montrond's LLC conveyed the Property for $1.00 to Montrond, as Trustee of Mass Family Trusts u/d/t July 23, 2018. Quitclaim Deed, Ver. Compl. Ex A. This transfer was promptly recorded. Six months later, on June 25, 2021, the Mortgage was recorded by Wilmington Savings.

Wilmington Savings commenced a non-judicial foreclosure and Soldiers and Sailors Act action.[1] The parties stipulated at the hearing that the Soldiers and Sailors Act offers no protection to Montrond, or apparently any of the entities here.

## III. RULINGS OF LAW

The Court rules that Wilmington Savings is entitled to judgment in its favor as to all counts.

As an initial matter, Montrond's Trust seeks an order for this Court to stay all actions brought by Wilmington Savings because it is a foreign corporation not registered to do business in Massachusetts pursuant to Mass. Gen. Laws Ch. 156D, § 15.02. Montrond's Trust, however, does not have a private right of action under this statute. See Bean v. Bank of New York Mellon, No. CIV.A. 12-10930-JCB, 2012 WL 4103913, at *7 (D. Mass. Sept. 18, 2012) (Boal, M.J.). Furthermore, "the business activities relating to the foreclosure sale are valid and cannot be set aside because of [a plaintiff's] failure to deliver a certificate." Bank of New York Mellon Corp. v. Wain, No. 12

---

[1] "In Massachusetts, when a mortgage includes a power of sale - - as this mortgage does — - the mortgagee 'may foreclose without obtaining prior judicial authorization upon any default in the performance or observance' of the mortgage, including, of course, nonpayment of the underlying mortgage note.'" Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 288 (1st Cir. 2013) Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 (2012); see Mass. Gen. Laws ch. 183, § 21.

MISC 459002 AHS, 2012 WL 5475849, at *5 (Mass. Land Ct. Nov. 9, 2012), aff'd on other grounds, 11 N.E.3d 633 (Mass. App. 2014). Accordingly, the Court rules that Wilmington Savings is entitled to judgment as to Count I.

As for the remaining counts, Wilmington Savings is entitled to Judgment because as matter of Massachusetts law, Montrond LLC's Mortgage is effective as to Montrond's Trust because Montrond (who is the managing member of Montrond's LLC and the Trustee of Montrond's Trust) had actual knowledge of the Mortgage. As the First Circuit teaches, the Commonwealth of Massachusetts "applies a 'title theory' of mortgages." In re Cancel, 7 F.4th 23, 29 (1st Cir. 2021) (citing Bank of Am., N.A. v. Casey, 474 Mass. 556, 52 N.E.3d 1030, 1035 n.10 (2016)) ("[U]nder Massachusetts law the effect of a mortgage is to transfer legal title to the mortgage property from the mortgagor to the mortgage holder . . . ."). Thus, title to the Property resides with the mortgagee, here ultimately Wilmington Savings, when Montrond's LLC executed the Mortgage.

Montrond's Trust makes much of the late-recordation. Recordation is not for the protection of those with actual knowledge of the mortgage, but rather "makes the lien a matter of public record and gives notice to third parties." Id. "If a valid mortgage is not recorded, the mortgagee retains superior title compared to the mortgagor, the mortgagor's issue, heirs,

[7]

or assignees, and any third parties with actual knowledge of the mortgage." Id. (citing Mass. Gen. Laws ch. 183, § 4). Said another way, "[t]he holder of an unrecorded mortgage has inferior title compared to third parties without actual knowledge of the mortgage, but . . . retains an interest in the underlying real property." Id.

Applied here, when Montrond's LLC executed the Mortgage of the Property, title transferred to Wilmington Savings predecessor. Montrond's LLC, through Montrond, later transferred title to Montrond's Trust through Montrond as Trustee before the Mortgage was recorded. Montrond had actual knowledge of the Mortgage. Accordingly, though the Mortgage was unrecorded, Montrond's Trust took subject to that Mortgage where Montrond's Trust had actual knowledge of it through the Montrond. While "[f]ailure to record the mortgage under Massachusetts law makes the mortgage voidable by a bona fide purchaser of the property without notice", id. at 29, the situation here does not involve a bona fide purchase for value.[2]

---

[2] As noted above, the Court does not have the Montrond Trust document before it. Since the Court is acting expeditiously at the behest of the parties, there remains the remote possibility that the beneficiaries of the Montrond Trust are persons or entities without knowledge of the Mortgage which, at the time of the conveyance to the Trust had not been recorded by Willington Savings. While this is a possible cloud on the title Wilmington Savings can confer through foreclosure, it is insufficient to frustrate Wilmington Savings right to foreclose.

Simply put, Montrond's LLC and Montrond's Trust all were aware of the Mortgage because Montrond, himself, executed all of the documents at issue here.

There is neither allegation nor evidence that the foreclosure proceedings are not otherwise in order. That is, it is apparently undisputed that the Note is in default and Wilmington Savings is entitled to foreclose on the Property. Wilmington Savings has title to the Property superior to that of Montrond's Trust which takes title subject to the Mortgage under Massachusetts law. The Mortgage is a valid lien against inferior title held by Montrond's Trust.

## IV. CONCLUSION

In sum, Montrond cannot use his entities in a shell game to avoid Wilmington Savings's foreclosure of the Mortgage on the Property. For the aforementioned reasons, the Clerk is directed to enter judgment in favor of the defendant Wilmington Savings, with costs awarded to it, and against Montrond's Trust on all counts.

**SO ORDERED.**

      /s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

---

[3] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial

---
colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.

[10]